MACHINE PRINTERS AND ENGRAVERS ASSOCIATION OF the UNITED STATES, Petitioner,

v.

F. Ray MARSHALL, Secretary of Labor, United States Department of Labor, Respondent.

No. 78–1051.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1979.

Decided March 9, 1979.

Leonard Appel, Washington, D. C., with whom Warren Woods, Washington, D. C., was on the brief, for petitioner.

Christina M. Cerna, Atty., Dept. of Labor, Washington, D. C., with whom John R. Garson, Atty., Dept. of Labor, Washington, D. C., was on the brief, for respondent.

Before McGOWAN and LEVENTHAL, Circuit Judges, and OBERDORFER,* United States District Judge for the District of Columbia.

Per Curiam Opinion.

PER CURIAM:

Machine Printers and Engravers Association of the United States (the Union) petitions for review of a final decision by the Secretary of Labor that certain members of the union are not eligible for worker adjustment assistance pursuant to the provisions of Title II, Chapter 2 of the Trade Act of 1974 (19 U.S.C. § 2271, *et seq.*).

The Act provides that the Secretary may certify a group of workers as eligible for funds in the form of adjustment assistance where:

(1) A group loses or is threatened with losing work;

(2) Sales or production by the group's employer has decreased; and

(3) "[I]ncreases of imports of articles *like or directly competitive with* articles produced by such workers' firm . . . contributed importantly" to the loss or threatened loss of work and to the decline in the employer's sales or production.[1]

(Emphasis added)

The Union petitions on behalf of members who are workers in firms engaged in the business of engraving copper or plastic rollers and rotary screens for use by domestic textile manufacturers to print designs on fabrics. The workers represented by the Union here are employed by independent engraving firms which have no corporate relationship with their textile-manufacturer customers.

The Union claims in its petition that its members are losing work because increased imports of textile fabrics have reduced the demand for the engraved rollers which are produced by their employers. The Union conspicuously fails to claim that the workers' jobs or their employers' sales have been affected by increased imports of engraved rollers or screens, or that any such increase has occurred. In fact, there was evidence before the Secretary that there are no known imports of engraved rollers or screens; *see* Appendix at 49.

These facts were decisive for the Secretary and are fatal to the Union's claim here. The business of the workers' employers has been hurt by the imports of textile fabrics. Textile fabrics are plainly neither "like" nor "directly competitive" with the engraved rollers and screens produced and engraved by the workers and their employers who are ultimate parties in interest to the Union's petition.

The Union's claim and the workers' apparent plight should and do provoke sympa-

---

1. 19 U.S.C. § 2272. The statute defines "contributed importantly" to mean "a cause which is important but not necessarily more important than any other cause." *Ibid.*

thy. Indeed, we understand that legislation for their relief received a favorable, but inconclusive, reception in the last Congress. H.R. 11711, 95th Cong., 2d Sess., Sec. 103 (1978); *see also* H.R.Rep.95–1061, 95th Cong., 2d Sess. 9–10 (1978). We are bound, however, by what Congress has enacted and our interpretation of it is authoritatively controlled by the decision of this Court on an earlier petition seeking a generous interpretation of the present statute. *United Shoe Workers of America, AFL–CIO v. Bedell*, 165 U.S.App.D.C. 113, 506 F.2d 174 (1974).

In *Bedell* the petitioning workers were suffering because imported shoes contained a shoe component manufactured by their employer. The workers there urged that they should be eligible for assistance because

> "the market for the article their firm produces is being injured or threatened by imported articles that contain the firm's product as a component."

*Id.* 165 U.S.App.D.C. at 116, 506 F.2d at 177. The *Bedell* court ruled in response that relief was available under the statute only with respect to

> "like articles, or . . . articles interchangeable therewith or substitutable therefor, i. e. directly competitive articles not . . . articles so far removed therefrom in the chain of production as to make them totally unrelated in the market place."

The rollers and screens manufactured by the firm employing the workers represented here are neither interchangeable with nor substitutable for the domestic textile fabrics whose market is suffering from imports of foreign textile fabrics. It follows *a fortiori* from *Bedell* that the statute, as now written, does not authorize the Secretary to extend relief to workers employed by roller and screen engravers whose business has been adversely affected by increased imports of textile fabrics. His decision must therefore be AFFIRMED.

It is so ORDERED.