642 F.Supp. 1183 (1986)
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1160, MARION, INDIANA, Plaintiff,
v.
Raymond J. DONOVAN, United States Secretary of Labor, Defendant.
Court No. 83-2-00188.
United States Court of International Trade.
August 6, 1986.
*1184 Bruce M. Frey, Marion, Ind., for plaintiff.
Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Sheila N. Ziff), Washington, D.C. for defendant.
RE, Chief Judge:
Plaintiff, on behalf of former employees of the RCA Corporation (RCA), Picture Tube Division, challenges the Secretary of Labor's denial of certification of eligibility for benefits under the trade adjustment assistance program of the Trade Act of 1974, tit. II, §§ 221-249, 284, 19 U.S.C. §§ 2271-2321, 2395 (1982 & Supp. II 1984). These workers were engaged in the production of picture tubes for color television sets. Specifically, the Secretary found that increased imports did not contribute importantly to the workers' separation at the Marion, Indiana plant. 47 Fed.Reg. 56,935 (1982). Hence, they were deemed ineligible for trade adjustment assistance benefits.
After reviewing the administrative record and the arguments of the parties, the Court holds that the Secretary's denial of certification was supported by substantial evidence, and is in accordance with law. Therefore, the Secretary's determination is affirmed.

Administrative Proceedings
On February 1, 1982, plaintiff, on behalf of its members, filed a petition, dated January 26, 1982, with the Secretary of Labor requesting certification of eligibility for trade adjustment assistance benefits. The Office of Trade Adjustment Assistance (OTAA) of the Department of Labor, pursuant to section 221(a) of the Trade Act of 1974, 19 U.S.C. § 2271(a), published a notice in the Federal Register stating that it had received the petition and instituted an investigation. 47 Fed.Reg. 7894 (1982).
Section 222 of the Trade Act provides that the Secretary shall certify a petitioning group of workers as eligible to apply for adjustment assistance benefits if it is determined:
(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.
Trade Act of 1974 § 222, 19 U.S.C. § 2272 (1982 & Supp. II 1984).
Plaintiff contended that increased imports of televisions contributed importantly to the decline in sales and production of color television picture tubes at the Marion *1185 plant. The OTAA's investigation disclosed that all workers at the Marion plant were engaged in the production of color television picture tubes. These tubes were exported overseas, sold to independent domestic manufacturers, or shipped to affiliated RCA plants for assembly into color television receivers.
During its investigation, the OTAA collected data from the Marion plant and the entire RCA Picture Tube Division concerning sales, production, and employment. This data, together with a customer survey taken by the OTAA, was compiled into a detailed report analyzing the cause of the decreased production of picture tubes at the Marion plant from January 1980 through July 1982. This report indicated that the decline in production was due to a decrease of the Picture Tube Division's export sales, and a decrease in the volume of intra-company shipments over the relevant period.
The statistics compiled by the OTAA revealed that more than half of all picture tubes produced by the RCA Picture Tube Division were shipped to the RCA Consumer Electronics Division to be used in assembling television receivers. During the period from January 1980 to July 1982, intra-company shipments increased slightly in the first year, but declined sharply over the first seven months of 1982. Officials at the Consumer Electronics Division Headquarters reported that the Consumer Electronics Division did not import color television picture tubes. The OTAA found the decrease in intra-company shipments to be attributed to a decline in the sales and production of color television sets by the Consumer Electronics Division. In a concurrent OTAA investigation of the RCA Consumer Electronics Division, Bloomington, Indiana plant, the OTAA concluded that the decrease in the sales of color televisions during the first half of 1982 was primarily due to a loss in the market share to other domestic manufacturers.
As to the export sales of picture tubes by the RCA Picture Tube Division, the OTAA's investigation revealed that from January 1, 1980 to January 1, 1981, export sales decreased 18.9 percent. During the first half of 1982, as compared to the first half of 1981, export sales declined 32.3 percent.
The only increase in the sales of picture tubes was in the Picture Tube Division's sales to independent manufacturers. Overall sales increased slightly in 1981 as compared to 1980, and, during the first seven months of 1982, sales to independent manufacturers increased 20.1 percent. In July, 1982, sales to independent manufacturers accounted for 38.1 percent of the Picture Tube Division's total sales as compared to 28.5 percent of the total sales at the end of 1980. This increase occurred despite a decrease in sales to five manufacturers during the first seven months of 1982. As a result of a survey of these five manufacturers, the OTAA concluded that the manufacturers that decreased orders from RCA and increased purchases from foreign picture tube manufacturers "accounted for a relatively minor proportion of the Picture Tube Division's overall decline in sales during the period under investigation."
After reviewing the available data, the OTAA recommended that the plaintiff's request for eligibility to apply for adjustment assistance benefits be denied. Based on these findings, the Secretary determined that increased imports did not contribute importantly to the workers' separation from employment at the Marion plant, and issued a negative determination on the plaintiff's petition. 47 Fed.Reg. 56,935 (1982).
Following the denial of certification, plaintiff commenced this action seeking judicial review of the Secretary's negative determination.

Discussion
Section 284 of the Trade Act of 1974 empowers this Court to review a determination by the Secretary of Labor which denies certification of eligibility for trade adjustment assistance benefits, to ensure that the determination is supported by substantial evidence contained in the administrative *1186 record, and is in accordance with law. Trade Act of 1974 § 284(b), 19 U.S.C. § 2395(b) (1982). The findings of fact by the Secretary are conclusive if supported by substantial evidence. Trade Act of 1974 § 284(b), 19 U.S.C. § 2395(b). Moreover, "the rulings made on the basis of those findings [must] be in accordance with the statute and not be arbitrary or capricious, and for this purpose the law requires a showing of reasoned analysis." International Union v. Marshall, 584 F.2d 390, 396 n. 26 (D.C.Cir.1978), quoted with approval ILWU, Local 142 v. Donovan, 9 CIT 620, Slip Op. 85-127, at 9 (Dec. 11, 1985); see 19 U.S.C. § 2273(c).
Plaintiff contends that the findings of the Secretary of Labor, which resulted in the denial of certification of eligibility for trade adjustment assistance, were not supported by substantial evidence contained in the administrative record. Plaintiff suggests that increased imports of foreign-produced television receivers contributed to the decline in production of television receivers by the RCA Consumer Electronics Division and, therefore, to the decrease in intra-company picture tube shipments by the Marion plant. Plaintiff also contends that there is no support for the Secretary's determination that the five independent manufacturers who had decreased orders from the RCA Picture Tube Division and increased purchases of imported picture tubes, accounted for a "relatively minor proportion" of the Picture Tube Division's overall decline in sales from January 1980 to July 1982.
Plaintiff's contentions are without merit. Plaintiff has not challenged the Secretary's finding that the workers produced color picture tubes. Since completed television sets are not "like or directly competitive" with color television picture tubes, it was proper for the Secretary not to consider imports of completed television sets. Section 222(3) of the Trade Act of 1974 requires the Secretary of Labor to determine whether increased imports contributed importantly to the workers' separation by examining the "increases of imports of articles like or directly competitive with articles produced by such workers' firm." Trade Act of 1974 § 222(3), 19 U.S.C. § 2272(3) (Supp. II 1984).
It is well established that an imported article is "like or directly competitive" with a domestic product if it is "interchangeable with or substitutable for" the article under investigation. See UAW, Local 834 v. Donovan, 8 CIT 13, 20, 592 F.Supp. 673, 678 (1984); Holloway v. Donovan, 7 CIT 237, 240, 585 F.Supp. 1427, 1430 (1984) (quoting Machine Printers and Engravers Ass'n v. Marshall, 595 F.2d 860, 862 (D.C. Cir.1979)). The courts have consistently held that a completed article is not "like or directly competitive" with a component part used in the production of the completed article. See, e.g., United Shoe Workers v. Bedell, 506 F.2d 174, 185-87 (D.C.Cir. 1974); Morristown Magnavox Former Employees v. Marshall, 671 F.2d 194, 198 (6th Cir.), cert. denied sub nom. 459 U.S. 1041, 103 S.Ct. 458, 74 L.Ed.2d 610 (1982); Machine Printers and Engravers Ass'n v. Marshall, 595 F.2d 860, 862 (D.C.Cir.1979); UAW, Local 834 v. Donovan, 8 CIT 13, 20, 592 F.Supp. 673, 678 (1984); Holloway v. Donovan, 7 CIT 237, 240, 585 F.Supp. 1427, 1430 (1984). Thus, in Morristown Magnavox Former Employees v. Marshall, the Court of Appeals for the Sixth Circuit held that "component parts of a television set are not `like' a completed television set ... and that imports of fully completed television sets are not directly competitive with the manufacture of printed circuit boards, flybacks and deflection yokes." 671 F.2d at 198.
In view of this well established authority, it is clear that the Secretary properly confined the scope of the investigation to ascertain whether imports of color television picture tubes contributed importantly to the workers' separation.
Plaintiff's remaining argument, that the Secretary erred in finding that increased imports of picture tubes accounted for a relatively minor proportion of the company's overall decline in sales, is unfounded. In order to certify workers as *1187 eligible for trade adjustment assistance benefits, the Secretary must determine that increased imports "contributed importantly" to the workers' separation. The term "contributed importantly" is defined by the statute as "a cause which is important, but not necessarily more important than any other cause." Trade Act of 1974 § 222, 19 U.S.C. § 2272 (Supp. II 1984); see ILWU, Local 142 v. Donovan, 9 CIT 620, Slip Op. 85-127, at 10-11 (Dec. 11, 1985).
The record fully supports the Secretary's conclusion that increased imports of picture tubes were not an important cause of the Picture Tube Division's decline in sales, and did not contribute importantly to the workers' separation. The OTAA investigation clearly established that other factors accounted for the greatest portion of the overall decline in picture tube sales. A sharp decrease in intra-company shipments during the first seven months of 1982 was the primary reason for the decline in sales. A substantial decrease in shipments to the export market in 1981 and in the first seven months of 1982 also was a substantial factor in the Picture Tube Division's overall decline in sales. Although sales to five independent manufacturers declined, partially as a result of import competition, OTAA's investigation disclosed that total sales of picture tubes to independent manufacturers increased 20.1 percent during the first seven months of 1982 as compared to the first seven months of 1981.
A thorough review of the record reveals that the only sales lost to imported picture tubes were to the five independent manufacturers, and that these lost sales were minor in relation to the decline in sales caused by reduced intra-company shipments and the decrease in sales to the export market. Thus, increased imports of picture tubes cannot be said to have "contributed importantly" to the workers' separation from employment.
In view of the foregoing, it is the determination of the Court that the Secretary of Labor's denial of certification is supported by substantial evidence, and is in accordance with law. Therefore, the Secretary's determination is affirmed, and plaintiff's action is dismissed.